**Er Tai HE, Petitioner,**

v.

**John ASHCROFT,* Attorney General, Respondent.**

No. 00–70651.
INS No. A76–280–052.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.**

Decided June 13, 2002.

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

MEMORANDUM***

Er Tai He, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") decision denying his applica-

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tions for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. Where the BIA's decision incorporates the IJ's, we review the IJ's decision. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). The IJ must give "a legitimate articulable basis to question the petitioner's credibility and ... a specific, cogent reason for any stated disbelief." *Id.*

The IJ's adverse credibility finding was supported by substantial evidence. The IJ pointed to the implausibility of He's story and the contradictions between He's testimony and the country conditions reports in making the adverse credibility finding. Absent credible evidence, He's asylum application must fail. *See Berroteran–Melendez v. INS*, 955 F.2d 1251, 1256–58 (9th Cir.1992).

In failing to qualify for asylum, He necessarily failed to satisfy the more stringent standard for withholding of removal. *See Chen v. INS*, 266 F.3d 1094, 1099 (9th Cir.2001).

We do not address He's Convention Against Torture claim because he did not raise it in his opening brief. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir.1992).

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Esquivel–Vega's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.