COUNTY OF SANTA CRUZ MOBILE-HOME PARKOWNERS ASSOCIATION; Matsuda Enterprises, an Arizona limited partnership; Dorothy Jean Goldstone; Steven Douglas; Beverly Douglas; Albert Vieira; Gregory Evans; Greg M. Evans Trust; Ch Harp Trust; Caravan Mobilehome Park LLC; Ken Waterhouse; Segarini Investment Trust; Rodeo Mobile Estates LLC; Pleasure Point Mobilehome Park, Plaintiffs—Appellants,

v.

SANTA CRUZ COUNTY, Defendant—Appellee.

No. 01–17224.

D.C. No. CV–00–20631–JF(EAI).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Decided April 17, 2003.

Before COWEN,* HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM**

Although Park Owners make a serious constitutional challenge to the rent control ordinance at issue, this appeal comes to us from a district court determination that the ordinance at issue, first enacted in 1980, has not been materially changed

since a 1982 amendment—so that the Park Owners' challenge, made in 2000, is untimely. Finding no error in this determination, we affirm the district court's dismissal based on the applicable statute of limitations. *See De Anza Props. X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084 (9th Cir.1991); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1102 (9th Cir.1998); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir.1993).

Nothing in this disposition should be interpreted as foreclosing a claim based on a statute that has been materially altered by recent amendments. Only when the operation of the statute remains unchanged with respect to the substantive provision under review should such a claim be time-barred.

AFFIRMED.

UNITED STATES of America, Plaintiff–Appellee,

v.

Jose MARTINEZ, Defendant–Appellant.

No. 00–50270.

D.C. No. CR–99–03113–MJL.

United States Court of Appeals, Ninth Circuit.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Deferred Jan. 18, 2001.*

Resubmitted April 13, 2003.

Decided April 18, 2003.

[redacted]

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

MEMORANDUM**

Jose Martinez challenges his sentence of twenty-four months for importation of marijuana in violation of 21 U.S.C. § 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Martinez waived his right to appeal the district court's two-point sentence enhancement under U.S. Sentencing Guideline § 3B1.4 by failing to raise it in his opening brief. "We 'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.'"[1] We conclude that the circumstances of this case do not warrant deviating from this general rule.[2]

Although Martinez did not waive his right to challenge the constitutionality of 21 U.S.C. § 960,[3] *United States v. Mendoza–Paz*[4] forecloses his argument.[5]

His final argument, that § 960 requires knowledge of the type and quantity of the controlled substance at issue, fails as well. When drug quantity and type expose a defendant to a higher statutory maximum sentence than he would otherwise receive, knowledge and quantity must be charged and proved.[6] In circumstances such as these, however, when drug quantity and type did not expose a defendant to a higher maximum sentence, no such requirement applies.[7]

Therefore, we AFFIRM.

AFFIRMED.

[redacted]

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

1. *United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992) (quoting *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir.1986)).

2. *See id.* (describing exceptions to general rule).

3. *See United States v. Caperell,* 938 F.2d 975, 977 (9th Cir.1991) (stating that a guilty plea does not waive jurisdictional challenges, such as challenges to a statute's constitutionality).

4. 286 F.3d 1104 (9th Cir.), *cert. denied* — U.S. —, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002).

5. *Id.* at 1109–10.

6. *See United States v. Minore,* 292 F.3d 1109, 1117 (9th Cir.2002), *cert. denied* — U.S. —, 123 S.Ct. 948, 154 L.Ed.2d 848 (2003).

7. *See id.; see also United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.), *cert. denied* — U.S. —, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002).