981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark FORD, Defendant-Appellant.
 Nos. 91-10157, 91-10160.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1992.*
Decided Dec. 23, 1992.
 
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ford concluded two plea agreements with the government. He claims that both have been violated.
 
 
 3
 Ford's first plea involved three counts of making false statements on loan applications in violation of 18 U.S.C. § 1014. His plea agreement called for the government to recommend (1) that the total amount of loss considered in sentencing Ford be set at slightly above $50,000; and (2) that sentence be imposed at the low end of the applicable Guidelines range.
 
 
 4
 Ford alleges that the government breached this agreement by failing to recommend--and, indeed, actively opposing--a two-point acceptance of responsibility reduction.[1] However, it is clear from the agreement that the government was not obliged to recommend a reduction for acceptance of responsibility. The government's only obligation was to recommend that the court sentence Ford at the low end of whatever Guidelines range the court determined to be applicable. The government expressly made the recommendation it was required to make--that Ford be sentenced at the low end of the applicable range--and therefore did not breach the first plea agreement.
 
 
 5
 Ford also pled guilty to failure to appear for his sentencing hearing, in violation of 18 U.S.C. § 3146(a)(1). Under this plea arrangement, the parties' agreed that: (1) Ford was "entitled" to a two-point reduction for acceptance of responsibility; (2) the government would not seek any upward departures or adjustments; and (3) the government would recommend that sentence be imposed at the low end of the applicable Guidelines range.
 
 
 6
 The government honored its agreement to recommend the low end of the applicable Guidelines range, and sought no upward adjustments or departures. Ford argues, however, that the district court was bound by the parties' agreement that he was "entitled" to an acceptance of responsibility reduction. This argument was not made in the district court, and was raised on appeal only in Ford's reply brief. We therefore deem it waived. United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992).
 
 
 7
 To the extent Ford raises other claims in his briefs, we have considered them and find them all to be without merit.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Ford's opening brief implies that the government expressly agreed to recommend an acceptance of responsibility reduction in connection with this first plea agreement. The record belies any such suggestion. It is clear that only the second plea agreement set forth any specific agreement between the parties with respect to acceptance of responsibility