5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James BRANDT, Plaintiff-Appellant,
v.
QUINTEX AMERICA LIMITED; Qintex Media, B.V.; Qintex
Australia Limited; Christopher C. Skase; David J. Evans;
Johnathan D. Lloyd, Robert Halmi, Sr., Robert Halmi, Jr.,
Robert B. Campbell, Richard A.J. Capps, Roger M. Kimmel
Kevin W. Schultz, Bruce G. Sundlun, Robin H. French and Hal
E. Gaba, Defendants-Appellees.
 No. 92-55531.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1993.
Decided Sept. 10, 1993.
 
 Before: NOONAN, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 ORDER
 
 1
 Appellant James Brandt at oral argument chose to withdraw his appeal of the district court's ruling that he failed to file his Rule 10b-5 claim before the statute of limitations' period expired. Consequently we cannot reach his appeal of the district court's grant of summary judgment in favor of the defendants on his federal securities claims.
 
 
 2
 At oral argument Brandt asked the panel to reverse the district court's grant of summary judgment on his pendent state law claims. It is clear that Brandt did not raise this issue in his opening brief. An appellant waives issues that he does not "specifically and distinctly" argue in his opening brief. United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992). None of the exceptions to this rule apply in Brandt's case. Therefore, we will not consider his state law arguments.
 
 
 3
 The judgment is AFFIRMED.