**Valentina LEVITSKAYA, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 01–70562.

INS No. A72 685 854.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2002.

Decided July 25, 2002.

Before BROWNING, B. FLETCHER, and GOULD, Circuit Judges.

MEMORANDUM *

Petitioner Valentina Levitskaya, a native and citizen of the Ukraine, appeals a decision of the Board of Immigration Appeals ("BIA") denying her application for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a), 1253(h). Levitskaya entered the United States at New York, New York, in August 1993 as a non-immigrant visitor, intending to visit family members who had emigrated from the Ukraine as refugees in the late 1980s and early 1990s. She submitted her request for asylum to the Immigration and Naturalization Service ("INS") in April 1994. Her application was referred to an Immigration Judge ("IJ"), on September 15, 1994, and an order to show cause issued.

Levitskaya argued before the IJ that she had suffered past persecution by the Ukrainian government, due to her Pentecostal Christian religious beliefs, and that she feared future persecution by the government as well as by organized criminals. The IJ determined that Levitskaya's testimony regarding her past persecution was not credible and rejected her petition. The BIA reversed the IJ's credibility determination but dismissed the appeal, holding that Levitskaya's fear of persecution

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

by organized criminals did not constitute an appropriate basis for asylum and that she had failed to establish past persecution by the government sufficient to substantiate her fear of future persecution.

We have jurisdiction to review the BIA's final order pursuant to section 106(a) of the INA, 8 U.S.C. § 1105a(a), as modified by the transitional rules for judicial review contained in section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See Narayan v. INS*, 105 F.3d 1335 (9th Cir. 1997). We reverse the ruling of the BIA and hold that the petitioner is statutorily eligible for asylum and withholding. Because the facts of this case are known to the parties, we will refer to them only as necessary to support our holding.

I

We review *de novo* legal determinations made by the BIA concerning the requirements of the INA. *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000). We review the BIA's factual findings under the "substantial evidence" standard. *Id.; see also Marcu v. INS*, 147 F.3d 1078, 1082 (9th Cir.1998) (stating that our task is not to weigh the evidence to determine which side was more persuasive, but to "determine whether there is substantial evidence to support the BIA's finding"). We may reverse the BIA's decision only if the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also*

*Borja v. INS*, 175 F.3d 732, 735 (9th Cir. 1999) (en banc).

In situations such as in the present case, where " 'the BIA conducts a de novo review of the record and makes an independent determination about whether relief is appropriate,' we review the BIA's decision, rather than the IJ's decision." *Cruz–Navarro*, 232 F.3d at 1028 (quoting *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997)). Where testimony is found credible below, we accept that testimony as "undisputed." *Id.*

II

To establish eligibility for asylum, Levitskaya must show that she is a "refugee," defined as one who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Shoafera v. INS*, 228 F.3d 1070, 1074 (9th Cir.2000). "A well-founded fear of 'future persecution' may be established by proving either past persecution or 'good reason' to fear future persecution." *Navas v. INS*, 217 F.3d 646, 654 (9th Cir.2000).

Proof of past persecution [1] will trigger a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1)(i); *Agbuya v. INS*, 241 F.3d 1224, 1228 (9th Cir.2001); *see also Navas*, 217 F.3d at 657. The INS can rebut this presumption by showing by a preponderance of the evidence that "[t]here has been a fundamental change in

---

**1.** The INS argues that Levitskaya has waived her claim of past persecution for failure to raise it in her opening brief. We disagree. In her opening brief, Levitskaya thoroughly discusses the evidence of her past persecution and relates that evidence to her present fear. Therefore, the issue is not waived. *See United*

*States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992). Indeed, even if Levitskaya had failed to raise the issue, we conclude that the waiver rule cannot be properly applied in this instance because to do so would result in manifest injustice. *Id.* at 513.

circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 208.13(b)(1)(i)(A); *Navas*, 217 F.3d at 657 (stating that the INS must rebut the presumption if it shows by preponderance of the evidence "that country conditions have changed to such an extent (as applied to the individual's case) that the applicant no longer has a well-founded fear that he would be persecuted if he were to return").

"It is well-settled law of this circuit that eligibility for asylum 'may be based on past persecution alone,' even absent a well-founded fear of future persecution." *Lopez–Galarza v. INS*, 99 F.3d 954, 959 (9th Cir.1996); *accord Shoafera*, 228 F.3d at 1074. In order to base her asylum claim solely on past persecution, Levitskaya must show "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." *Navas*, 217 F.3d at 655–56.

Levitskaya bases her claim of past persecution upon acts of discrimination and intimidation undertaken by the Ukranian government against herself and other members of her family because of their religious beliefs. She alleges *inter alia* (a) that she and her family were forced to live in overcrowded, substandard housing and were even required to relinquish housing to other residents because of their religious beliefs, (b) that her sister was denied educational opportunities, (c) that she was prohibited as a child from attending church services with her parents, and (d) that civil police disrupted church services and incarcerated church leaders. The BIA upheld the ruling of the IJ that Levitskaya's evidence of discrimination on the basis of her religious beliefs failed to establish past persecution. This ruling was error.

■ We look to the cumulative effect of all the incidents that an asylum petitioner has suffered in order to determine whether her treatment rises to the level of persecution. *Singh v. INS*, 134 F.3d 962, 967 (9th Cir.1998). The persecution of family members may establish the petitioner's well-founded fear of persecution if that persecution forms a pattern that is closely tied to the petitioner. *Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir.1998). Deprivation of educational and employment opportunities may support a claim of asylum. *Id.* at 1045. In addition, discrimination that is severe and pervasive, emanating from social prejudice against a statutorily protected group will constitute persecution. *Id.* Levitskaya's evidence of past persecution against herself, as well as against other members of her church and family, at the hands of Ukrainian officials overwhelmingly supports her claim to have a well-founded fear of persecution. We are satisfied that no reasonable factfinder could fail to conclude that the treatment from which Levitskaya suffered prior to emigrating from the Ukraine was persecution.

"The burden then shifts to the INS to show *by a preponderance of the evidence* that country conditions have changed to such an extent (*as applied to the individual's case*) that the applicant no longer has a well-founded fear that he would be persecuted if he were to return." *Navas*, 217 F.3d at 657 (emphasis added). To determine, based on changed country conditions, that "an applicant's fear of persecution is no longer reasonable, the BIA must engage in an 'individualized analysis' that demonstrates that 'changed conditions . . . have eliminated the basis for [the applicant's] individual fear of future persecution." *Id.* at 657 n. 13 (quoting *Osorio v. INS*, 99 F.3d 928, 932–33 (9th Cir.1996)) (alteration in the original).

In rebuttal, the INS has offered only the 1995 State Department Country Report for the Ukraine. Although the country report indicates that Ukrainian independence has resulted in the passage of general legal protections for the freedom of religious exercise, the report is wholly unresponsive both to Levitskaya's evidence of intimidation and discrimination by government officials and to her future fear of extortion and harassment by organized criminals. The Report notes that mistreatment of religious minorities is currently primarily a local matter, but this does not mean that it is less pervasive, only less centralized. Evidence of this type, which does not address the particular fears articulated by the petitioner and is itself outdated by over seven years, fails to establish by a preponderance of the evidence that changed country conditions preclude the petitioner from maintaining a well-founded fear of persecution. *See, e.g., Gui v. INS*, 280 F.3d 1217, 1229 (9th Cir. 2002); *Navas*, 217 F.3d at 662–63. Thus, we hold that Levitskaya is statutorily eligible for asylum.

### III

In order to be eligible for withholding of deportation, Levitskaya must "demonstrate[ ] a clear probability" that she would be persecuted if she were to return to her home country. *Gui*, 280 F.3d at 1230. The finding of past persecution in this case also triggers a presumption that Levitskaya has shown such a clear probability. *Navas*, 217 F.3d at 663. The INS may rebut this presumption with an individualized showing by a preponderance of the evidence that changed country conditions preclude the petitioner's fear of persecution. *Id.; see also* 8 C.F.R. § 208.16(b)(1). As indicated above, no evidence in the record rebuts this presumption. We, therefore, hold that Levitskaya is entitled to withholding of deportation.

### IV

We grant the petition for review, holding that Levitskaya is statutorily eligible for asylum and withholding of deportation. We grant withholding of deportation and remand to the attorney general for exercise of his discretion as to a grant of asylum.

PETITION GRANTED. REMANDED TO ATTORNEY GENERAL.