**Randall K. LILLY, Petitioner—Appellant,**

v.

**Gail LEWIS, Warden, Respondent—Appellee.**

No. 04–16302.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2005.*

Decided Oct. 25, 2005.

Robert W. Rainwater, AFPD, FPDCA—Federal Public Defender's Office, Fresno, CA, for Petitioner–Appellant.

Eric Lynn Christoffersen, AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Before: BEEZER and KOZINSKI, Circuit Judges, and CARNEY,** District Judge.

MEMORANDUM ***

1. Although Lilly fails to employ the standard of review required by 28 U.S.C. § 2254(d) in his opening brief, this failure does not waive Lilly's claim that his counsel was ineffective. *See United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992) ("[W]e may review an issue if the failure to raise the issue properly did not prejudice the defense of the opposing party."). The state anticipated that Lilly would raise his claim under the correct standard of review in his reply brief, so it was not prejudiced by Lilly's initial failure to do so.

2. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires reversal only where counsel's performance falls below an objective standard of reasonableness *and* the defendant is prejudiced by the deficient performance. *See id.* at 687, 104 S.Ct. 2052; *see also Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.").

At the time the suppression motion could have been brought, it was reasonable for Lilly's counsel to conclude that a suspicionless search of a parolee was permissible in California, even if the police were unaware of the subject's parole status at the time of the search. *See People v. Reyes,* 19 Cal.4th 743, 80 Cal.Rptr.2d 734, 968 P.2d 445, 450 (1998); *In re Tyrell J.,* 8 Cal.4th 68, 32 Cal.Rptr.2d 33, 876 P.2d 519, 521 (1994). Although the California Supreme Court subsequently held that such a search is impermissible, *see People v. Sanders,* 31 Cal.4th 318, 2 Cal.Rptr.3d 630, 73 P.3d 496, 498 (2003), the performance of Lilly's trial counsel was reasonable based on the state of the law at the time of Lilly's trial. The state courts did not contravene or unreasonably apply Supreme Court precedent, or determine facts unreasonably, in rejecting Lilly's ineffective assistance of counsel claim with respect to the evidence seized from his person.

3. Lilly lacks standing to object to the evidence seized from his sister's home, since he did not have permission to be there and had broken in. *See United States v. Flores,* 172 F.3d 695, 699 (9th Cir.1999); *see also Rakas v. Illinois,* 439 U.S. 128, 143 n. 12, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) ("[A] 'legitimate' expectation of privacy by definition means more than a subjective expectation of not being discovered. A burglar plying his trade in a summer cabin during the off season may have a thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes as 'legitimate.'"). The state courts did not contravene or unreasonably apply Supreme Court precedent, or determine facts unreasonably, in reject-

** The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ing Lilly's ineffective assistance of counsel claim with respect to the evidence seized from his sister's home.

4. We decline to expand the certificate of appealability to include Lilly's uncertified claim that the district court erred in failing to conduct an evidentiary hearing. *See* 9th Cir. R. 22–1(e).

CONVICTION AFFIRMED; MOTION TO EXPAND COA DENIED.