**Jeffrey BLANCK, Plaintiff–Appellant,**

v.

**James HAGER; Washoe County School District, Defendants–Appellees.**

No. 05–15606.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2007 *.

Filed Feb. 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

698

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff–Appellant.

Brad M. Johnston, Hale Lane Peek Dennison & Howard, Reno, NV, for Defendants–Appellees.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Blanck appeals the district court's grant of summary judgment on his First Amendment retaliation claim under 42 U.S.C. § 1983 and his tortious discharge claim under Nevada state law against Superintendent Hager and the Washoe County School District ("District"). He also chal-

** This disposition is not appropriate for publication and is not precedent except as provid-

lenges the district court's denial of his motion for a continuance under Rule 56(f).

■ As to Blanck's § 1983 claim, we reject his arguments that because of the nature of his conduct the "policymaker" or "confidential employee" exception of *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), cannot be applied to him, and that this court limits the exception to claims involving discharges based on political expression. *See Hobler v. Brueher*, 325 F.3d 1145, 1149 (9th Cir. 2003); *Walker v. City of Lakewood*, 272 F.3d 1114, 1132 (9th Cir.2001); *Biggs v. Best, Best & Krieger*, 189 F.3d 989, 996 (9th Cir.1999).

Furthermore, although the district court held that Blanck, as a matter of law, is a "policymaking *or* confidential employee," on appeal he only challenges the determination that he is a policymaker. Because Blanck has failed in both his opening and reply brief to challenge the district court's dispositive determination that, as a matter of law, he is a confidential employee and because he has not responded to the Appellees' argument that he is a confidential employee under *Hobler*, he has forfeited an issue that is dispositive of his entire First Amendment claim. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir.1992); *see also Hobler*, 325 F.3d at 1150, 1155; *Walker*, 272 F.3d at 1131 (" 'an employee's status as a policymaking or confidential employee [is] dispositive of any First Amendment retaliation claim.' ") (quoting *Biggs*, 189 F.3d at 994–95). In any event, on the basis of the duties he actually performed, Blanck is a confidential employee, as a matter of law. *See Hobler*, 325 F.3d at 1154–55 (listing factors relevant to whether one is a confidential employee).

ed by 9th Cir. R. 36–3.

We also hold that the district court did not err by granting summary judgment on Blanck's tortious discharge claim. There is not sufficient evidence to create a genuine issue of material fact as to whether Blanck's filing of a criminal complaint against Superintendent Hager " 'was *the* proximate cause of his discharge.' " *Bailey v. Sw. Gas Co.*, 275 F.3d 1181, 1187 (9th Cir.2002) (quoting *Allum v. Valley Bank of Nevada*, 114 Nev. 1313, 970 P.2d 1062, 1066 (1998)). Appellees notified Blanck of their dissatisfaction with his performance prior to the date on which he filed the complaint.

Finally, the district court did not abuse its discretion by denying Blanck's motion for a continuance, because the affidavit failed to comply with the requirements of Rule 56(f). *See Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.2006) (citing *California v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998)). Moreover, on appeal, Blanck offers no specific argument as to how the district court abused its discretion in applying that Rule.

The district court's grant of summary judgment on Blanck's § 1983 and tortious discharge claims is AFFIRMED.