**Wincate ELIAS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72577.

United States Court of Appeals, Ninth Circuit.

Argued April 16, 2009.

Deferred May 21, 2009.

Resubmitted June 9, 2009.

Filed June 22, 2009.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Russell B. Kinner, Esq., DOJ–U.S. Department of Justice, Commercial Litigation Frauds, Washington, DC, for Respondent.

Before: T.G. NELSON, KLEINFELD, and M. SMITH, Circuit Judges.

MEMORANDUM *

Wincate Elias, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals' (BIA) decision adopting and affirming the Immigration Judge's (IJ) order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Where, as here, the BIA adopts and affirms the decision of the IJ in its entirety, we review the IJ's decision as if it were that of the BIA. *See Abebe v.*

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Gonzales,* 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc). We deny the petition for review.

■ The IJ's finding that Elias failed to establish that the Kenyan police were unwilling or unable to control the Mungiki is supported by substantial evidence in the record, including Elias' inconsistent and vague testimony with respect to why she did not report her alleged attack to the police, and public source documents which suggest that the Kenyan police are cracking down on the Mungiki. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005) (noting that the burden is on the applicant to show that the government is unwilling or unable to control the nongovernmental persecutor). Elias did not "convincingly establish" that reporting her attack to the police would have been futile or subjected her to further persecution, as she testified that sometimes the police would allow victims to file police reports and the public source documents suggest that the Kenyan police were cracking down on the Mungiki.[1] *See Ornelas–Chavez v. Gonzales,* 458 F.3d 1052, 1058 (9th Cir.2006). There is no record evidence which would "compel" a finding that Elias established that the Kenyan police are unable or unwilling to control the Mungiki, and therefore the IJ did not err in denying Elias' applications for asylum and withholding. *See Castro–Perez,* 409 F.3d at 1072.

■ Elias' testimony does not establish that the Kenyan police acquiesced, consented, or turned "a blind eye" to Elias' attack, and therefore substantial evidence supports the IJ's decision to deny CAT relief. *See Ornelas–Chavez,* 458 F.3d at

1059 (quoting *Zheng v. Ashcroft,* 332 F.3d 1186, 1196 (9th Cir.2003)).

**PETITION FOR REVIEW DENIED.**

---

1. Elias failed to address in her opening brief the IJ's finding that Elias' failure to report her attack to the local police undermined her claim that the Kenyan police were unable or unwilling to control the Mungiki. *See Castro–Perez,* 409 F.3d at 1072; *see also United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992) (failure to raise issue in opening brief generally results in waiver).

