MEMORANDUM *
After a jury verdict for the defendant Anchorage Police Department on the plaintiff Carolyn Mitchell’s § 1983 claim, Mitchell made a renewed motion for summary judgment under Rule 50(b). The district court denied the motion orally. Mitchell’s opening brief before us failed to indicate precisely that she appeals the post-verdict summary judgment denial. Failure to raise an issue in an opening brief does not preclude review “if the failure ... did not prejudice the defense of the opposing party.” Laboa v. Calderon, 224 F.3d 972, 985 (9th Cir.2000) (quoting United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992)). The Police Department’s brief reveals that it was not prejudiced by *414 Mitchell’s imprecision. We review her appeal on the merits.
Mitchell’s federal Fourth Amendment rights are unaltered by state law. Virginia v. Moore, 553 U.S. 164, 128 S.Ct. 1598, 1604-05, 170 L.Ed.2d 559 (2008). That the Police Department falsely arrested Mitchell under Alaska state law does not mean she was arrested in violation of the Fourth Amendment.
In analyzing an arrest, the trier of fact considers the totality of circumstances, including “not only how intrusive the stop was, but also whether the methods used [by police] were reasonable given the specific circumstances.” Gallegos v. City of Los Angeles, 308 F.3d 987, 991 (9th Cir.2002) (quoting Washington v. Lambert, 98 F.3d 1181, 1185 (9th Cir.1996)). The Police Department was responding to an armed bank robbery that occurred just minutes earlier. Mitchell’s physical characteristics were not identical to those of the suspect, but were a rough match. She was detained only as long as was necessary for police to complete the show-up. See United States v. Torres-Sanchez, 83 F.3d 1123, 1129 (9th Cir.1996). The district court did not err in finding that she was not entitled to summary judgment.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.