**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10505 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-01567-DCB-BPV-1 |
| v. | |
| MARVIN RAY SCHULTZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10086 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-01567-DCB-BPV-2 |
| v. | |
| JASON STEPHEN WALLACE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted December 8, 2011
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: LUCERO,[**] CALLAHAN, and N.R. SMITH, Circuit Judges.

Marvin Schultz and Jason Wallace appeal from the district court's order denying their joint motion to suppress and subsequent conviction and sentencing. We have jurisdiction under 28 U.S.C. § 1291. We reverse.

A district court cannot reject a magistrate judge's credibility determinations made in a magistrate judge's recommendation on a motion to suppress without conducting a *de novo*, live evidentiary hearing. *United States v. Bergera*, 512 F.2d 391, 392 (9th Cir. 1975). There is "no procedural burden on the defendant to request that the district court take live testimony" in this circumstance. *United States v. Ridgeway*, 300 F.3d 1153, 1157 (9th Cir. 2002). The district court's ruling, in rejecting the magistrate judge's report "in its entirety," rejects all credibility determinations made by the magistrate judge. From a review of the record, it seems that the magistrate judge made at least two credibility determinations. He at least determined that Agent Winnecke's testimony about Saban's Car Rental policy (conflicting with other police officers' testimony) was not truthful. He also questioned Agent Winnecke's testimony about whether the

---

[**]     The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

2

length of time the defendants' vehicle was parked in a store parking lot was really suspicious. Therefore, based on *Bergera*, we remand this case to the district court to conduct an evidentiary hearing before rejecting the magistrate judge's credibility determinations.[1]

At oral argument, Schultz requested that this court allow him to join in his co-defendant's argument regarding this issue, because he did not include the argument in his briefs. This court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (internal quotation marks omitted). However, one exception to this rule is if a "failure to raise the issue did not prejudice the defense of the opposing party." *Id.*

Here, the Government clearly will not be prejudiced in its defense of this due process issue, because it fully briefed the issue in its Answering Brief to Wallace. *See also United States v. Hanley*, 190 F.3d 1017, 1029 n.4 (9th Cir. 1999) (allowing a defendant to join in an argument not raised in his opening brief because "the issue is not defendant-specific and the [G]overnment will suffer no

---

[1] We express no opinion as to the merits of defendants' motion to suppress the evidence. Rather, our decision is limited to the procedure the district court must follow if it disagrees with the magistrate's recommendation and rejects a credibility determination.

resulting prejudice from our decision, as it has briefed the issue thoroughly").

Thus, our disposition applies to both Schultz and Wallace.

**REVERSED** and **REMANDED**.