FILED

JAN 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50391 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00241-RGK-3 |
| v. | |
| USBALDO PADILLA, AKA Peanut, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted January 7, 2013
Pasadena, California

Before: CANBY, REINHARDT, and WARDLAW, Circuit Judges.

Usbaldo Padilla appeals his convictions for conspiring to distribute heroin, in violation of 21 U.S.C. § 846, and for possessing heroin with the intent to distribute it, in violation of 21 U.S.C. §841 (a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

------

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not err by admitting recorded telephone calls at trial without requiring the speakers to be available for cross-examination because the recordings consisted of co-conspirators' statements made in furtherance of a conspiracy. Such statements are not "testimonial" and are therefore not subject to the requirements of the Confrontation Clause. *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005); *see also Crawford v. Washington*, 541 U.S. 36, 51-52 (2004). Although Padilla failed to properly raise the remainder of his claims, we may address them because the government provided briefing on their merits and thus was not prejudiced by Padilla's failure. *United States v. Ullah*, 976 F.2d 509, 515 (9th Cir. 1992).

Although the district court erred by failing to correct for the "blurred distinction" between Detective Lopez's expert testimony and his testimony as a percipient witness, Padilla failed to object. We therefore review for plain error. *Puckett v. United States,* 556 U.S. 129, 143 (2009). We may reverse if there is error that is "plain," "affects substantial rights," and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Here, Lopez testified as an expert when he interpreted jargon, cracked codes, and discussed narcotics trafficking techniques. While discussing the same recorded conversations, he testified as a percipient witness by interpreting

2

ambiguous conversations using his direct knowledge of the investigation. The district court erred by neither alerting the jury to Lopez's dual role nor taking any other measure to correct for the confusion potentially caused by his intermingled testimony. *See United States v. Anchrum*, 590 F.3d 795, 803 (9th Cir. 2009); *United States v. Freeman*, 498 F.3d 893, 897 (2007). Nonetheless, "the distinction between lay and expert testimony in this context is a fine one." *Freeman*, 598 F.3d at 904. We thus conclude that this error was not "plain" because it was not "clear or obvious." *Puckett,* 556 U.S. at 143.

The remainder of Padilla's claims of error lack merit. The district court did not abuse its discretion by admitting Lopez's voice identification of Padilla, because Lopez was "minimally familiar" with Padilla's voice. *United States v. Plunk*, 153 F.3d 1011 (9th Cir. 1998). Nor did the district court abuse its discretion by ruling that a question during cross-examination was "argumentative" or that the existence of a "sound spectrograph" was a fact not in evidence. Finally, none of the district court's rulings deprived Padilla of his constitutionally protected right to present a defense, because they did not "significantly undermine[ ] fundamental elements of [his] defense." *United States v. Scheffer*, 523 U.S. 303, 315 (1998).

**AFFIRMED.**