**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STETCO BOGDAN-ADRIAN, | No. 14-71858 |
| Petitioner, | Agency No. A088-363-308 |
| v. | |
| JEFFERSON B. SESSIONS III, ATTORNEY GENERAL, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted March 12, 2018**
San Francisco, California

Before: J. CLIFFORD WALLACE and CONSUELO M. CALLAHAN, Circuit Judges, and JAMES V. SELNA, *** District Judge.

Petitioner Stetco Bogdan-Adrian ("Bogdan-Adrian"), a citizen of Romania,

petitions for review of the Board of Immigration Appeals ("BIA") order dismissing

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R App. 34(a)(2).

\*\*\* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

1

his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a).

We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). A finding is not supported by substantial evidence when "'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Id.* (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)); 8 U.S.C. § 1252(b)(4)(B). Substantial evidence supports the BIA's findings.[1] Therefore, we deny the petition for review.

Substantial evidence supports the BIA's decision that Bogdan-Adrian failed to demonstrate persecution by the Romanian government or by private actors the government is unable or unwilling to control. *See, e.g.*, *Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (declining to conclude that the Italian government was unable or unwilling to control the petitioner's assailants, where the police investigated the incidents, but the assailants' identities were speculative); *Nahrvani*

---

[1] Bogdan-Adrian also challenges the BIA and IJ's adverse credibility determination. Because the BIA upheld the IJ's order only on the merits, *see* Certified Administrative Record ("C.A.R.") at 41–43, we do not address this argument. The BIA reviewed Bogdan-Adrian's eligibility for asylum presuming the truth of his testimony.

*v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (holding that the applicant had not demonstrated that the German government was unable or unwilling to control the perpetrators, where he did not give the police the names of any suspects, and his wife testified that the police investigated the complaints). Despite Bogdan-Adrian's assertion that the police could identify the men involved in the 2006 incident, there is no evidence that he filed a police report or otherwise asked the police to investigate. Moreover, Bogdan-Adrian testified that he did not actually know who attacked him in the 2007 incident and that the police "made some investigations," but no one was prosecuted due to a lack of clear evidence. On the record, the evidence does not compel the conclusion that Bogdan-Adrian was subject to past persecution. Therefore, the BIA correctly concluded that Bogdan-Adrian failed to satisfy his burden to demonstrate eligibility for asylum and withholding of removal.

Bogdan-Adrian does not directly challenge the BIA's determinations relating to the well-founded fear of persecution component of his asylum claim, his withholding of removal claim, or his CAT claim. We have discretion to review an issue not raised in a petitioner's brief "if the failure to raise the issue properly did not prejudice the defense of the opposing party." *Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004) (quoting *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir.

3

1992)). In the absence of past persecution, an applicant may still be eligible for asylum based on a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b), which is subjectively genuine and objectively reasonable. *See Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013). Although social abuses against homosexuals do still occur in Romania, Bogdan-Adrian has not met his burden of proving an individualized risk of future persecution or a pattern or practice of persecution against similarly situated persons. *See Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009); *Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009).

We also reject Bogdan-Adrian's argument that his due process rights were violated by either the IJ's or the BIA's purported failure to provide any explanation or analysis regarding the adverse credibility determination. Bogdan-Adrian did not raise this issue before to the BIA. *See* C.A.R. 45–49, 80–81. Therefore, it is waived. Even if the issue was not waived, Bogdan-Adrian cannot demonstrate the requisite prejudice because the BIA dismissed his appeal on the merits, not on the basis of the IJ's adverse credibility determination. Accordingly, Bogdan-Adrian's due process argument fails.

**PETITION FOR REVIEW DENIED.**