**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KENNETH COOPER,

          Plaintiff-Appellant,

  v.

WINDOW ROCK UNIFIED SCHOOL
DISTRICT,

          Defendant-Appellee.

No.   23-15527

D.C. No. 3:20-cv-08346-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted February 8, 2024[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and JOHNSTONE, Circuit
Judges.

Kenneth Cooper appeals from the district court's grant of summary

judgment in favor of Window Rock Unified School District (the "School District")

in his employment discrimination action. We have jurisdiction under 28 U.S.C. §

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1291. We review de novo. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

1.      The district court did not err in granting summary judgment in favor of the School District on Plaintiff's Title VII race discrimination claim. Summary judgment under Title VII is appropriate where no material issue of fact is raised. *See Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 685–86 (9th Cir. 2017). Under the *McDonnell Douglas* framework[1], Plaintiff can likely make out a prima facie case of discrimination, especially given that a plaintiff's burden of proof is incredibly low at this first step. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000). At the next step of the *McDonnell Douglas* framework, the School District has produced a legitimate, nondiscriminatory reason for its decision to not renew Plaintiff's Employment Contract: Plaintiff's violation of the Code of Conduct and insubordinate behavior. At the final step, the same-actor inference applies, so Plaintiff's "burden is especially steep" as to pretext. *Coghlan v. Am. Seafoods Co. LLC.*, 413 F.3d 1090, 1096 (9th Cir. 2005). Plaintiff attempts to show pretext by reiterating his argument that non-African American employees were not disciplined to the same extent as he was even

---

[1] Where a plaintiff uses circumstantial evidence of disparate treatment to support their claim of employment discrimination, such claims are evaluated under the burden-shifting framework outlined by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

though they engaged in similar or worse conduct. But especially considering Plaintiff's burden under the same-actor inference, Plaintiff has failed to offer evidence sufficient to overcome his heightened burden. *Id.* at 1099 (concluding that the plaintiff "cannot rebut the 'strong inference' of nondiscrimination that arises under the same-actor rule" where he did not present "evidence that would cast doubt on [the employer's] legitimate explanation of the decision"). Accordingly, Plaintiff's claim that the School District racially discriminated against him by not renewing his Employment Contract fails at the last step of the *McDonnell Douglas* framework.

2.      Plaintiff's breach of contract and retaliation claims are waived because they were not raised in the opening brief. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992). Assuming Plaintiff's hostile work environment claim is not also waived, summary judgment is proper. Parties generally cannot assert unpled theories for the first time at the summary judgment stage. *Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008). Since Plaintiff did not reference a hostile work environment in his Complaint and attempted to raise this claim for the first time at the summary judgment phase, it is rejected because it was not properly pled. *Id.*

**AFFIRMED.**

3