NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR LOZOYA-RUIZ,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

No. 22-1129

Agency No.
A091-884-343

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2024[**]
Pasadena, California

Before: BOGGS,[***] NGUYEN, and LEE, Circuit Judges.

    Oscar Lozoya-Ruiz is a 58-year-old native and citizen of Mexico, seeking

adjustment of status.  He last entered the United States in Douglas, Arizona, in

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

1985, 1990, or 1995. While he argued during his hearing before the immigration judge ("IJ") that he is present pursuant to a prior admission, during a 2010 encounter with Border Patrol in Safford, Arizona, he stated he had last entered "illegally." The IJ found his testimony not credible, and in the alternative, found that even if he was credible, he did not meet his burden of proving he is present pursuant to a prior admission. We review factual findings, including credibility determinations, for substantial evidence. *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1444 (9th Cir. 1994); *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

1. The agency's adverse credibility determination is supported by substantial evidence. The IJ may base credibility determinations on demeanor, inconsistency between the noncitizen's oral and written statements, and the internal inconsistency of statements, among other factors. 8 U.S.C. § 1229a(c)(4)(C). Lozoya-Ruiz maintained before the IJ that during his last entry into the United States he was admitted. But in the Form I-213 Record of Deportable/Inadmissible Alien, prepared after Lozoya-Ruiz's encounter with Border Patrol in 2010, Lozoya-Ruiz stated that "he illegally entered the United States without being inspected by an Immigration Officer at a designated Port of Entry." Lozoya-Ruiz at first acknowledged this inconsistency before the IJ, citing his nervousness when speaking to officials in 2010, but later stated in relation to the 2010 encounter,

2

"[t]hey didn't ask me nothing . . . he didn't ask if I had entered illegally or anything." He attributed this inconsistency, too, to nervousness. The IJ noted that Lozoya-Ruiz "did not appear particularly nervous," and made an adverse credibility determination, which the Board of Immigration Appeals affirmed. Given these "specific and cogent reasons," *Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021), the agency's credibility determination was "substantially reasonable." *De Valle v. I.N.S.*, 901 F.2d 787, 790 (9th Cir. 1990) (quoting *Diaz-Escobar v. I.N.S.*, 782 F.2d 1488, 1493 (9th Cir. 1986)); *see also* 8 U.S.C. § 1229a(c)(4)(C).

2. Lozoya-Ruiz explicitly declined to address the IJ's alternative finding that he had failed to satisfy his burden of proving he is in the United States pursuant to a prior admission. *See* 8 U.S.C. § 1229a(c)(2); 8 C.F.R. § 1240.8(c). Lozoya-Ruiz declined to address this finding, asserting that the BIA decision did not discuss it and thus it is not subject to review here.

But when the BIA cites *Burbano,* as it did here, and "does not express any disagreement with the IJ's decision, we review the IJ's decision as if it were the BIA's." *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009); *see also Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) ("If the BIA intends to constrict the scope of its opinion to apply to only one ground upon which the IJ's decision rested, the BIA can and should specifically state that it is so limiting its opinion.").

Because Lozoya-Ruiz did not "specifically and distinctly" challenge the alternative finding in his opening brief—and indeed specifically *declined* to raise the challenge—he has forfeited the argument and the panel declines to consider it. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992).

**PETITION DENIED.**[1]

---

[1] Lozoya-Ruiz's request for a stay of removal (Dkt. No. 4) is denied.