**Brentley COATES, individually and on behalf of a class of all other persons similarly situated, Plaintiff—Appellant,**

v.

**AGILENT TECHNOLOGIES, INC.; Agilent Technologies, Inc. Deferred Profit–Sharing Plan; Hewlett–Packard Company; Hewlett–Packard Company Deferred Profit–Sharing Plan, Defendants—Appellees.**

No. 03–17306.

D.C. No. CV–03–00498–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Jan. 12, 2006.

Alfred H. Sigman, Esq., Oakland, CA, for Plaintiff–Appellant.

Janet E. Brown, Esq., Sigman, Lewis & Feinberg, E. Douglas Richards, Esq., Oakland, CA, David E. Gordon, Esq., O'Melveny & Myers LLP, Los Angeles, CA, Gary S. Tell, O'Melveny & Myers LLP, Washington, DC, Kathrin Sears, Esq., Gibson, Dunn & Crutcher, San Francisco, CA, Joseph P. Busch, III, Esq., Joanie L. Roeschlein, Esq., Gibson Dunn & Crutcher LLP, Irvine, CA, Susan B. Burr, Esq., Gibson Dunn & Crutcher, Palo Alto, CA, for Defendants–Appellees.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and HATTER,* District Judge.

MEMORANDUM **

Defendants had discretion in their role as plan sponsor to merge Fund B into Fund A. "[A]n employer's decision to amend a pension plan concerns the composition or design of the plan itself and does not implicate the employer's fiduciary duties which consist of such actions as administration of the plan's assets." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999).

Defendants did not breach their fiduciary duties when they followed the express terms of the plan and merged the two funds. *See Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1093 (9th Cir. 2004). Defendants' duties ran to the plan as a whole, not to any subset of beneficiaries, because fiduciaries are required "to

---

* The Honorable Terry J. Hatter, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

720

take impartial account of the interests of all beneficiaries." *Varity Corp. v. Howe,* 516 U.S. 489, 514, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996); *see* 29 C.F.R. § 2550.404a–1 (describing fiduciary's duties in reference to the plan as a whole). Plaintiff concedes that the merged fund was properly invested in a diversified investment portfolio, so he failed to state a claim for breach of fiduciary duty.

Plaintiff did not argue his misrepresentation claim in his opening brief. We therefore decline to consider it. *See* Fed. R.App. P. 28(a)(9)(A); *Kim v. Kang,* 154 F.3d 996, 1000 (9th Cir.1998) ("[W]e 'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.'" (quoting *United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992) (citation and internal quotation marks omitted))).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.