**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David MAY, Defendant–Appellant.**

**No. 03–50053.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suit-

Joseph S. Smith, Jr., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Walter K. Pyle, Esq., Berkeley, CA, for Defendant–Appellant.

Before LEAVY, McKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM **

David May appeals from the 24–month sentence imposed following his guilty-plea conviction for bringing in illegal aliens without presentation and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2, respectively.

■ May contends that the government breached the plea agreement during sentencing by failing to recommend the low end of the Sentencing Guidelines, so the appeal waiver provision is not enforceable. We disagree. The waiver provision expressly required May to object to the government's failure at the time of sentencing in order to preserve his objection, which he did not. *See United States v. Baramdyka,* 95 F.3d 840, 843 (9th Cir.1996) (stating that this court must focus also upon language of waiver to determine its scope).

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Accordingly, May waived any objection to the government's failure.

 To the extent May argues, for the first time in the reply brief, that his failure to object was the result of ineffective assistance of counsel, we decline to address this issue on direct appeal. *See United States v. Daychild,* 357 F.3d 1082, 1095 (9th Cir. 2004) ("we do not ordinarily consider on direct review claims challenging the efficacy of a criminal defendant's representation"); *see also United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992) (stating that this court will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief).

**DISMISSED.**