Carolyn **MITCHELL**, Plaintiff–
Appellant,

v.

**ANCHORAGE POLICE DEPART-
MENT; Municipality of Anchorage;
Walter C. Monegan; Officer Henik-
man; Officer Voss, Defendants–Appel-
lees.**

No. 08–35749.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2009.

Filed Sept. 3, 2009.

Isaac Derek Zorea, Law Offices of Isaac
Derek Zorea, Moshe Calberg Zorea, Es-
quire, Anchorage, AK, for Plaintiff–Appel-
lant.

Joyce Weaver Johnson, Municipal Attor-
ney's Office, Anchorage, AK, for Defen-
dants–Appellees.

Before: FARRIS, THOMPSON and
RAWLINSON, Circuit Judges.

## MEMORANDUM *

After a jury verdict for the defendant
Anchorage Police Department on the
plaintiff Carolyn Mitchell's § 1983 claim,
Mitchell made a renewed motion for sum-
mary judgment under Rule 50(b). The dis-
trict court denied the motion orally.
Mitchell's opening brief before us failed to
indicate precisely that she appeals the
post-verdict summary judgment denial.
Failure to raise an issue in an opening
brief does not preclude review "if the fail-
ure ... did not prejudice the defense of
the opposing party." *Laboa v. Calderon*,
224 F.3d 972, 985 (9th Cir.2000) (quoting
*United States v. Ullah*, 976 F.2d 509, 514
(9th Cir.1992)). The Police Department's
brief reveals that it was not prejudiced by

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

Mitchell's imprecision. We review her appeal on the merits.

Mitchell's federal Fourth Amendment rights are unaltered by state law. *Virginia v. Moore,* 553 U.S. 164, 128 S.Ct. 1598, 1604–05, 170 L.Ed.2d 559 (2008). That the Police Department falsely arrested Mitchell under Alaska state law does not mean she was arrested in violation of the Fourth Amendment.

In analyzing an arrest, the trier of fact considers the totality of circumstances, including "not only how intrusive the stop was, but also whether the methods used [by police] were reasonable given the *specific circumstances.*" *Gallegos v. City of Los Angeles,* 308 F.3d 987, 991 (9th Cir. 2002) (quoting *Washington v. Lambert,* 98 F.3d 1181, 1185 (9th Cir.1996)). The Police Department was responding to an armed bank robbery that occurred just minutes earlier. Mitchell's physical characteristics were not identical to those of the suspect, but were a rough match. She was detained only as long as was necessary for police to complete the show-up. *See United States v. Torres–Sanchez,* 83 F.3d 1123, 1129 (9th Cir.1996). The district court did not err in finding that she was not entitled to summary judgment.

### AFFIRMED.

RAWLINSON, Circuit Judge, concurring:

I concur in the affirmance of the judgment in favor of the Defendants because, and only because, the jury considered all of the arguments made by Plaintiff Carolyn Mitchell, and found that her constitutional rights were not violated under the circumstances. Once the case has been presented to the jury, the district court's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

denial of summary judgment is no longer an issue. *See Dixon v. Wallowa County,* 336 F.3d 1013, 1017 (9th Cir.2003).