**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30257 |
| Plaintiff–Appellee, | D.C. No. CR-08-02084-FVS |
| v. | |
| JOSE ALFREDO ARREDONDO, | MEMORANDUM[*] |
| Defendant–Appellant. | |

Appeal from the United States District Court
For the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Argued and Submitted April 6, 2010
Seattle, Washington

Before: HAWKINS, LUCERO,[**] and N.R. SMITH, Circuit Judges.

Jose Alfredo Arredondo appeals the district court's denial of his

motion to suppress. Exercising jurisdiction pursuant to 28 U.S.C. § 1291,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

-1-

we affirm.

# I

Shortly after midnight on July 18, 2008, a confidential informant advised the Yakima, Washington, Police Department that Magdalena Duenas was planning to transport Arredondo, and that there were outstanding arrest warrants for his arrest. She stated Duenas was going to leave from a specific block in Yakima that evening, pick up Arredondo at a specific convenience store in Toppenish, and return to Yakima. She further informed police that Duenas would be driving a blue Cadillac sedan with a license plate number "similar to" 097-WWT. This informant had previously worked with the police, always providing reliable information.

After confirming that Arredondo had outstanding arrest warrants on felony and misdemeanor charges, police found and followed the Cadillac from the specified Yakima block to the specified convenience store. An officer who knew Duenas by sight confirmed she was driving the car. The officers did not observe anyone entering the car at the convenience store. But ten to fifteen minutes later, the car traveled about one mile, where police observed it parked on the street. Even though they saw the passenger door open and close, the officers could not observe whether anyone entered the car due to their distance from the car and darkness.

After the Cadillac drove away, however, an officer promptly observed a female in the driver's seat and a male in the passenger's seat. Police eventually stopped the Cadillac and found Arredondo inside, along with a nine-millimeter pistol.

Arredondo was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He moved to suppress the firearm as the fruit of an unlawful detention and to compel disclosure of the informant's identity. After the district court denied both motions, Arredondo entered a conditional plea of guilty, reserving his right to appeal the district court's preliminary rulings. He was sentenced to thirty-seven months' imprisonment.

## II

The sole issue we must consider on appeal is whether police had a reasonable, articulable suspicion that Arredondo was in the Cadillac.[1] We

_____

[1] Arredondo also states that the district court erred in denying his motion to compel disclosure of the confidential informant's identity. However, defendant failed to meaningfully develop this argument in his opening brief. Thus, he has waived the issue. See Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology, 228 F.3d 1043, 1049 n.3 (9th Cir. 2000). Although the government's answer brief and Arredondo's reply brief do partially develop the issue, these limited efforts are insufficient to permit an informed resolution of the dispute. We therefore decline to exercise our discretionary authority to consider the

(continued...)

-4-

review a district court's denial of a motion to suppress evidence de novo and the factual findings underlying that decision for clear error. United States v. Kemmish, 120 F.3d 937, 939 (9th Cir. 1997).

Police may stop a vehicle that they reasonably suspect carries an individual with an outstanding felony arrest warrant. See United States v. Hensley, 469 U.S. 221, 229 (1985); United States v. Patch, 114 F.3d 131, 134 (9th Cir. 1997). Reasonable suspicion exists if "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio, 392 U.S. 1, 21 (1968). We look to the totality of the circumstances to determine whether a tip provides law enforcement with a reasonable suspicion of criminal activity. United States v. Rowland, 464 F.3d 899, 907 (9th Cir. 2006). An informant's reliability is a significant factor in this analysis. Id. at 907-08.

We conclude the tip did possess sufficient indicia of reliability to justify the stop. When a tip contains predictive details that are (1) not easily presaged and (2) later verified by law enforcement, the tip itself "demonstrate[s] inside information—a special familiarity with [the] . . . affairs" of the subject of the tip. Alabama v. White, 496 U.S. 325, 332

[1](...continued)
matter. See United States v. Ullah, 976 F.2d 509, 514 (9th Cir. 1992).

(1990). Officers are entitled to presume "that because an informant is shown to be right about some things, he is probably right about other facts that he has alleged, including the claim that the object of the tip is engaged in criminal activity," even if "not every detail mentioned by the tipster [is] verified." Id. at 331.

Among the wide range of details provided in this case, all but one of the predictive details were verified. This myriad of confirmed, predictive details is sufficient to demonstrate that the tipster had reliable inside information regarding the affairs of Duenas and Arredondo. This is so notwithstanding her minor error regarding the location of the pick up. Consequently, the Terry stop was justified.[2]

### III

For the foregoing reasons, we **AFFIRM**.

---

[2] Because the tip provided reasonable suspicion, it is irrelevant that officers did not visually identify the car's passenger before the stop. Terry merely requires a reasonable suspicion of criminal activity based on specific, articulable facts. United States v. Sokolow, 490 U.S. 1, 7 (1989).