**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: NATIONAL SECURITY AGENCY
TELECOMMUNICATIONS RECORDS
LITIGATION,

JOE MCMURRAY, REV.; CHARLENE
MANN, REV.; MICHAEL REUSCH,
DR.; TRUDY BOND, DR.; ROBERT
NEWBY, PROF.; SERGE POPPER;
THOMAS S. DWYER; JAMES VAN-
ALSTINE; MICHELE ROSEN;
THEODORE JONATHAN MORRIS;
SHARON ANN MORRIS; HARRIS
SONDAK; MERRILYN ROME; BRAD
MARSTON; GREG L. SMITH;
MICHAEL BROOKS; MICHAEL S.
ROTHMEL; ILENE PRUETT; ANTHONY
BARTELEMY; LINDA GETTIER;
STEPHANIE MEKET; THOMAS
MICHAEL FAIN; BARBARA LANGER;
PAM HADDON; VERN HADDON;
DONALD HERRON; RAY ANDERSON;
COLLIN BABER; MARK BAKER; JOHN
BARRETT,

No. 09-17133

D.C. Nos.
13:09-cv-00131-
VRW
M:06-cv-01791-
VRW

OPINION

21483

Wɪʟʟɪᴀᴍ Bᴇᴛᴢ; Fʀᴀɴ Bʟᴀᴍᴇʀ;
Sʜᴀɴᴇ ᴀɴᴅ Kʀɪsᴛᴇɴ Bʀɪɴᴋ;
Mɪᴄʜᴀᴇʟ Bʀᴏᴏᴋs; Pᴀᴜʟ Bʀᴜɴᴇʏ;
Pᴇᴛᴇʀ Cᴀᴛɪᴢᴏɴᴇ; Sᴛᴇᴠᴇ
Cʜʀɪsᴛɪᴀɴsᴏɴ; Jᴏʜɴ Cʟᴀʀᴋ;
Kɪɴɢʟsᴇʏ Cʟᴀʀᴋ; Tʜᴏᴍᴀs M.
Cʟᴇᴀᴠᴇʀ; Pᴇᴛᴇʀ B. Cᴏʟʟɪɴs;
Kʀɪs ᴀɴᴅ Mᴀʀᴋ Cᴏsᴛᴀ; Jᴜʟɪᴇ
Dᴀᴠɪs; Sʜᴀʀᴏɴ L. Dᴀᴠɪs; Dɪᴀɴᴇ
Gᴀᴠʟɪɴsᴋɪ; Tᴏɴɪ DɪDᴏɴᴀ; Tʜᴇʀᴇsᴀ
R. Dᴜꜰꜰʏ; Sʜᴀᴡɴ Fɪᴛᴢɢɪʙʙᴏɴs;
Jᴏʜɴ Fɪᴛᴢᴘᴀᴛʀɪᴄᴋ; Jᴇɴɴɪꜰᴇʀ Fʟᴏʀɪᴏ;
Mᴀʀɢᴀʀᴇᴛ Fʀᴀɴᴋʟɪɴ; Dᴀᴡɴ
Fᴜʀʟᴇʀ; C. Gᴀʀʟꜰᴏ; Jᴏsᴇᴘʜɴ
Gᴇʜʀɪɴɢ; Jᴀɴᴇ ᴀɴᴅ Mᴀʀᴋ Gᴇɴᴛɪᴇ-
Yᴏᴜᴅ; Lɪɴᴅᴀ J. ᴀɴᴅ G. Lᴀᴡʀᴇɴᴄᴇ
Gᴇᴛᴛɪᴇʀ; Jɪᴛ Gɪʟʟ; Mɪᴋᴇ Gɪʟᴍᴏʀᴇ;
Jᴀʏsᴏɴ Gʟᴇᴀsᴏɴ; Mᴀʀᴄ
Gᴏʟᴅsᴛᴏɴᴇ; Tᴏᴅᴅ Gʀᴀꜰꜰ; Jᴀɴᴇᴛ
Gʀᴀɴᴊᴀ; Sᴜsᴀɴ Gʀᴏssᴍᴀɴ;
Sᴛᴇᴘʜᴀɴɪᴇ Gᴜsᴛᴀᴠᴇ ᴀɴᴅ Kᴇᴠɪɴ
Sʜᴀᴡʟᴇʀ; Dᴏɴ ᴀɴᴅ Dᴏɴɴᴀ
Hᴀᴡᴋɪɴɢs; Jᴏsᴇ V. Hᴇɪɴᴇʀᴛ;
Lᴀᴍᴀʀ Hᴇɴᴅᴇʀsᴏɴ; Cᴀʀᴏʟʏɴ R.
ᴀɴᴅ Dᴏᴜɢʟᴀs S. Hᴇɴsʟᴇʏ; Jᴇɴɴɪꜰᴇʀ
Hᴏɴᴛᴢ; Jᴏʏᴄᴇ Jᴀᴄᴋsᴏɴ; Aɴᴅʀᴇᴡ
Jᴀꜰꜰᴇ; Rᴀɴᴅᴇʟ Jᴀᴍᴇs; Mɪᴄʜᴀᴇʟ
Jᴏʜɴsᴏɴ; Dɪᴀɴᴇ Jᴜʟɪᴀɴᴏ; Fᴀʏ
Kᴀɪsᴇʀ; Rᴀᴊᴇɴᴅʀᴀᴍ Kʀɪsʜɴᴀɴ;
Mɪᴄʜᴀᴇʟ Lᴀᴠᴏ; Fʀᴇᴅ Lᴇᴀᴋ; Kᴇɴ
Lᴇʜᴀ; Bᴇɴ Lɪɴᴅsᴇʏ; Lɪsᴀ
Lᴏᴄᴋᴡᴏᴏᴅ; Nᴀɴᴄʏ K. Lᴏʀᴇʏ ᴀɴᴅ
Gᴇʀᴀʀᴅ P. Cʟᴇʀᴋɪɴ; Mɪᴄʜᴀᴇʟ T.
Lʏᴅᴀ; Eʟᴇᴀɴᴏʀ M. Lʏɴɴ; Esǫ.;

Terry Mancour; Jon Paul
McClellan; Alicia McCollum;
James McGrattan; Clyde
Michael Morgan; Ms. Lodge;
Sheri A. Mueller; Fran Nobile;
Chris Von Obenauer; Daedria
Fanner-Paellman; Dan Patton;
Ray Pena; Constance Phillips;
Mark Plante; Jeremy Puhlman;
Martin Razo; Daniel Reiman;
Mark Richards; Linda Rithkis;
William Robinette; Fred and
Darlene Rogers; Kathleen
Rogers; William J. Romansky;
Bronson Rosier; Josh Seefried;
Anna F. Shallenberger; Royce
Shepard; Robert Siden; Gregory
L. Smith; Christian Stalberg;
Michael L. Stephan; Robert
Stewart; Donna A. Stone;
Paul and Regina Sundberg;
William R. Sweeney; Jr.; David
Taylor; April Tipe; Allen T.
Trader; III; Barry W. Tribble;
Fred Trinkoff; Thomas Vilar;
Vickie Votaw; Leon Dwight
Wallace; Achieng Warambo and
Ulrich Geister; David and Beth
White; Jane Winston; Kevin

Wʀɪɢʜᴛ; Jᴏᴇʟ Aɪɴɢᴇʀ; Cᴀʀᴏʟ
Cᴏsᴇ; Dᴇʙᴏʀᴀʜ Dᴏᴜɢʜᴇʀᴛʏ; Jᴀᴍᴇs
Fʟʏɴɴ; Iʀᴇɴᴇ Kɪɴɢ; Pᴀᴜʟ Kʀᴀꜰᴛ;
Gɪɴᴀ Dᴇᴍɪʀᴀɴᴅᴀ; Cᴀᴛᴀʟɪɴᴀ R.
Tʜᴏᴍᴘsᴏɴ; Mᴀʀʏ Lᴇᴀʜ Wᴇɪss;
Eʟɪᴢᴀʙᴇᴛʜ T. Aʀɴᴏɴᴇ; Eʟᴇᴀɴᴏʀ
Lʏɴɴ; Jᴀʏ H. Rᴏᴡᴇʟʟ; Dᴀɴɪᴇ
Rᴇɪᴍᴀɴɴ; Vɪᴠɪᴀɴ Pʜɪʟʟɪᴘs; Jᴇꜰꜰʀᴇʏ
G. Mᴀʀsᴏᴄᴄɪ; Bʀɪᴅɢᴇᴛ Iʀᴠɪɴɢ;
Jᴀᴍᴇs Hᴀʟʟ; Jᴏʜɴ MᴄIɴᴛʏʀᴇ; ᴀɴᴅ
Aᴍɪᴅᴀx Tʀᴀᴅɪɴɢ Group, on Behalf
of Themselves and All Others
Similarly Situated,
                    *Plaintiffs-Appellants,*

                    *v.*

Vᴇʀɪᴢᴏɴ Cᴏᴍᴍᴜɴɪᴄᴀᴛɪᴏɴs, Iɴᴄ.;
BᴇʟʟSᴏᴜᴛʜ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ; AT&T
Cᴏʀᴘᴏʀᴀᴛɪᴏɴ; AT&T Iɴᴄ.; Gᴇᴏʀɢᴇ
W. Bᴜsʜ, individually in his
executive capacity, and as
representative of the United States
of America; Nᴀᴛɪᴏɴᴀʟ Sᴇᴄᴜʀɪᴛʏ
Aɢᴇɴᴄʏ; Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs ᴏꜰ
Aᴍᴇʀɪᴄᴀ; Bᴀʀᴀᴄᴋ H. Oʙᴀᴍᴀ,
                    *Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted
August 31, 2011—Seattle, Washington

Filed December 29, 2011

Before: Harry Pregerson, Michael Daly Hawkins, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

## COUNSEL

Steven Edward Schwarz, The Law Offices of Steven E. Schwarz, Chicago, Illinois; Bruce Ira Afran, Bruce I. Afran, Attorney at Law, Princeton, New Jersey; Carl Mayer, Mayer Law Group LLC, Princeton, New Jersey, for the plaintiff-appellants.

Brian Matthew Boynton, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC; Michael Kellogg, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, DC; Bradford Allan Berenson, Sidley Austin LLP, Washington, DC; Eric Dean McArthur, Sidley Austin LLP, Washington, DC; Eric Shumsky, Sidley Austin LLP, Washington, DC;

Bruce A. Ericson, Pillsbury Winthrop Shaw Pittman LLP, San Francisco, California; Kevin Murray Fong, Pillsbury Winthrop Shaw Pittman LLP, San Francisco, California, for the defendants-appellees.

Thomas Mark Bondy, U.S. Department of Justice, Washington, DC; Anthony Joseph Coppolino, U.S. Department of Justice, Washington, DC; for the government defendants-appellees.

---

## OPINION

McKEOWN, Circuit Judge:

Joe McMurray and other residential telephone and internet customers (collectively "McMurray") appeal from the district court's dismissal of their complaint against government officials and a group of telecommunications companies. McMurray challenges section 802 of the Foreign Intelligence Surveillance Act ("FISA") as an unconstitutional taking under the Fifth Amendment. Section 802 allows the U.S. Attorney General to certify that a telecommunications company provided assistance at the behest of the government in connection with investigation of terrorism, thereby triggering immunity from suit for that company. McMurray rests his takings claim on the theory that application of § 802 requires dismissal of his case and thereby negates his causes of action under various federal statutes. We affirm the district court's dismissal of McMurray's Takings Clause claim for lack of jurisdiction.

### Bᴀᴄᴋɢʀᴏᴜɴᴅ

In 2005, the news media reported that President Bush, in the wake of the September 11, 2001 terrorist attacks, ordered the National Security Agency ("NSA") to conduct warrantless eavesdropping and the NSA obtained the assistance of major

telecommunications companies to do so. McMurray and numerous other customers filed suits against telecommunications companies and government officials challenging the warrantless eavesdropping. On July 7, 2008, at least partly in response to these suits, Congress enacted the FISA Amendments Act of 2008, Pub. L. No. 110-261, 122 Stat. 2435 ("FISAA"), codified at 50 U.S.C. § 1885a. Of relevance here is FISA section 802, a provision added by FISAA, that renders telecommunications companies immune from suit if and when the Attorney General of the United States certifies certain facts to the appropriate United States district court.

McMurray filed a complaint in the Southern District of New York in July 2008; he alleged that section 802 represents an unconstitutional taking, violates the doctrine of separation of powers, and abridges his right to due process, and sought declaratory and injunctive relief. The case was transferred to the Northern District of California in January 2009 as a "tag-along action" to a multidistrict litigation ("MDL") matter stemming from the challenges to the NSA's warrantless eavesdropping. Soon after, the United States and the telecommunications companies filed motions to dismiss.

The district court dismissed the complaint on three grounds: (1) the court "lack[ed] jurisdiction to address the merits of [the] takings claim [because] Congress has provided a means for paying compensation for any taking that might have occurred," (2) "a Takings Clause claim would not in any event lie against the telecommunications companies because they are not governmental entities and therefore cannot effect an actionable taking,"; and (3) McMurray has "no constitutionally-protected property right in [his] alleged cause of action" because "[i]t is well-established that no property right vests in a cause of action until a final, unreviewable judgment is obtained."

In briefing on appeal, McMurray argued only his Takings Clause claim and incorporated by reference the constitutional

arguments made in *Hepting v. AT&T*, a companion appeal. *Hepting v. AT&T*, No. 09-16676. Ordinarily we do not permit parties to incorporate by reference briefs in other cases.[1] Here, however, the cases have followed a parallel path through the MDL process, so in this rare circumstance we accept the incorporation. McMurray's other constitutional claims were fully briefed and argued in the *Hepting* appeal and are disposed of in the contemporaneously filed opinion *Hepting v. AT&T*, No. 09-16676 (9th Cir. filed December 29, 2011).

## ANALYSIS

**[1]** Although McMurray's Takings Clause claim is a novel approach to application of section 802, ultimately it is misguided. The Takings Clause provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. In this suit McMurray seeks equitable relief rather than damages. However, as the Supreme Court wrote in *Ruckelshaus v. Monsanto Company*, under the Takings Clause, "Equitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking." 467 U.S. 986, 1016 (1984) (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 697, n.18 (1949)).

**[2]** The Tucker Act—the statutory mechanism for pursuing damages against the United States—authorizes "a suit for compensation . . . subsequent to the taking" in the United States Court of Federal Claims, and in limited circumstances, the district courts. 28 U.S.C. §§ 1346, 1491. The Tucker Act

---

[1]*See* Circuit Rule 28-1(b) ("Parties must not . . . incorporate by reference briefs submitted to . . . this Court in a prior appeal, or refer this Court to such briefs for arguments on the merits of the appeal."); *see also United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (noting court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief") (quoting *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986)).

remedy for compensation is generally available unless Congress has explicitly precluded its application. A statute must "reflect an unambiguous intention to withdraw the Tucker Act remedy" before the courts will hold that it has done so. *Ruckelshaus*, 467 U.S. at 1019. No such intent is evident here.

**[3]** Following the dictate of *Ruckelshaus*, we held that a "takings claim is premature until [appellants] have availed themselves of the process provided by the Tucker Act." *Bay View Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1285 (9th Cir. 1997) (internal alteration and quotation marks omitted). *Bay View* determines the outcome of McMurray's appeal. In *Bay View* we explained:

> [T]he government need not provide immediate compensation at the time of the taking; it must simply provide an adequate process for obtaining compensation.
>
> The federal government has provided such a compensation process by consenting to suit in the United States Court of Federal Claims under the Tucker Act. 28 U.S.C. § 1491(a)(1). . . . The critical question in a takings case, therefore, is whether a Tucker Act remedy is available for claims arising out of takings pursuant to an act of Congress.

*Id.* (internal alteration, quotation marks, and citations omitted). *Bay View* continued: "The simple fact is that we have no jurisdiction to address the merits of takings claims where Congress has provided a means for paying compensation for any taking that might have occurred." *Id.* The Tucker Act is not merely "a jurisdictional hurdle against the payment of damages"; it also serves as "an impediment to equitable relief. . . . Because a compensation remedy is available, any taking that may have occurred simply cannot violate the takings clause." *Id.* at 1286. *Bay View* could hardly be clearer precedent for the district court's determination that it lacked juris-

diction over McMurray's takings claim. McMurray failed to seek just compensation from the Court of Federal Claims, and this failure was fatal to his case.

**[4]** Not surprisingly, our sister circuits have come to similar conclusions:

> A takings claim is not ripe until (1) the relevant governmental unit has reached a final decision as to how the regulation will be applied to the landowner, and (2) the plaintiff has sought compensation for the alleged taking through whatever adequate procedures the state provides.

*Severance v. Patterson*, 566 F.3d 490, 496 (5th Cir. 2009) (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186, 194 (1985)); *see also Alto Eldorado P'ship v. County of Santa Fe*, 634 F.3d 1170, 1174 (10th Cir. 2011) (restating the holding in *Williamson*); *Peters v. Clifton*, 498 F.3d 727, 731-32 (7th Cir. 2007) (same).

McMurray argues in passing that the district court has concurrent jurisdiction for civil actions against the United States in which the damages claims do not exceed $10,000 under the Tucker Act. 28 U.S.C. § 1346 (2011). This argument does not resolve the jurisdictional problem. As McMurray himself points out, his "case demands *no* monetary damages from any party." We take him at his word.

## Cᴏɴᴄʟᴜsɪᴏɴ

**[5]** The district court correctly dismissed McMurray's complaint for lack of jurisdiction. Consequently we need not reach the merits of his Takings Clause claim.

AFFIRMED.