**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30300 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00476-MO-1 |
| v. | |
| ED NEEDLES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted November 15, 2011
Portland, Oregon

Before: FISHER, PAEZ and CLIFTON, Circuit Judges.

Ed Needles appeals his conviction, after a bench trial, for unlawfully

maintaining, occupying and using a residence on National Forest System lands in

violation of 36 C.F.R. § 261.10(b). We have jurisdiction pursuant to 28 U.S.C. §

1291, and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. Needles argues that his residence was authorized under his predecessor, Carlon McBroom's, plan of operations for the Orion mine, which the United States Forest Service approved in 2003. Because Needles did not raise this argument before the district court, our review is for plain error. *See United States v. Matus-Zayas*, 655 F.3d 1092, 1098 (9th Cir. 2011); *United States v. Quintana-Torres*, 235 F.3d 1197, 1199 (9th Cir. 2000).

Assuming Carlon McBroom's 2003 plan of operations remained in effect after his death in January 2004, there was no evidence at trial showing that it applied to Needles, who was not identified as an operator under the plan. Likewise, assuming McBroom could legally have transferred the 2003 plan to Needles, there was no evidence that he did so. The evidence established only that Needles (along with McBroom's son) took over as owner and operator of the Orion mine after McBroom's death and applied for a plan of operations for the site. The Forest Service did not approve his plan. Despite repeated warnings from the Forest Service that he needed but did not have an approved operating plan, Needles continued to maintain a residence at the Orion mine site. It was not plain error for the district court to find that Needles maintained a residence on National Forest System lands without an approved operating plan, in violation of 36 C.F.R. § 261.10(b).

2

2.  Needles' conviction under § 261.10(b) did not violate his due process rights due to lack of notice that his residence was unauthorized.  Needles' contention that he was deprived of adequate notice because the Forest Service never terminated Carlon McBroom's 2003 plan of operations fails for the reasons discussed above: there was no evidence that McBroom's plan applied to Needles' operation.  Needles' contention that § 261.10(b) is unconstitutionally vague fails for the reasons discussed in a concurrently filed opinion in *United States v. Backlund*, No. 10-30264, and *United States v. Everist*, No. 10-30289.

3.  Needles' conviction does not run afoul of the "antiretroactivity principle." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994).  Section 261.10(b) was not applied to punish conduct predating its enactment.  Nor did it impair Needles' vested rights or impose new duties with respect to past transactions.  *See id.* at 269.  Needles' operations at the Orion mine were not derived from Carlon McBroom's 2003 plan of operations.  The requirement that mine operators causing significant surface disturbance obtain an approved operating plan predated Needles' acquisition of the Orion claims, as did the government's authority to prosecute operators who failed to comply with the rules.  *See* Organic Administration Act, 30 Stat. 35 (1897), *codified as amended at* 16 U.S.C. § 551 (authorizing the promulgation of rules covering use of the national

3

forests and providing for criminal sanctions for violation of those rules); 36 C.F.R. §§ 228.1-228.15 (2003) (regulating mining operations in the national forests); 36 C.F.R. §§ 261.1b, 261.10 (2003) (providing criminal penalties for violation of rules governing occupancy and use of National Forest System lands).

4. Needles' opening brief incorporated by reference appellant's arguments in *United States v. Backlund*, No. 10-30264. We reject these arguments for the reasons discussed in *United States v. Backlund*, No. 10-30264, and *United States v. Everist*, No. 10-30289. The Forest Service may regulate residential occupancy of bona fide mining claims within the national forests. Mere ownership of an unpatented mining claim does not automatically entitle the owner to reside permanently on National Forest System lands.[1]

5. We do not consider Needles' arguments in his pro se Notice of Objection and Motion to Correct the Record filed in the district court because they were not properly presented to this court. *See* Circuit Rule 28-1 ("Parties must not . . . incorporate by reference briefs submitted to the district court . . . or refer this Court to such briefs for the arguments on the merits of the appeal."); Fed. R. App. P.

---

[1] Because these arguments fail on the merits, we do not decide whether Needles forfeited the arguments by failing to properly present them. *See In re National Sec. Agency Telecomm. Records Litig.*, 669 F.3d 928, 931 (2011). Needles' motion requesting that we take judicial notice of Backlund's arguments is denied as moot.

28(a)(9)(A) (providing that appellant's brief must contain, among other things, "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *see also Sandgathe v. Maass*, 314 F.3d 371, 380 n.8 (9th Cir. 2002) ("This mode of presentation is an entirely improper way of presenting argument to this court.").

**AFFIRMED.**