
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DZ BANK AG DEUTSCHE ZENTRAL GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, New York Branch, | No. 13-35607 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-01312-JLR |
| v. | MEMORANDUM[*] |
| CHOICE CASH ADVANCE LLC, FKA Choice Insurance Agency LLC, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued May 7, 2015; Submitted June 10, 2015
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOULD and CHRISTEN, Circuit Judges and BLOCK,[**] Senior District Judge.

In this case arising from a loan default, Choice Cash appeals the district court's denial of its motion for reconsideration of the court's decision to grant summary judgment to DZ Bank.[1]  We review only the district court's denial of reconsideration because Choice Cash does not appeal the underlying decision granting summary judgment.  *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." (quoting *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992)) (internal quotation marks omitted)).  We affirm.

"[O]ur review of a denial of a motion to reconsider is for abuse of discretion."  *Sch. Dist. No. 1J Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

---

[**]     The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

[1]     The parties are familiar with the facts, so we do not recount them here.

controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *Id.* at 1263 (citation omitted).

In its motion and on appeal, Choice Cash failed to point to any newly discovered evidence or intervening change in controlling law. Further, our review of the record did not reveal any clear error or manifest injustice. Specifically, there is no clear error or manifest injustice in the district court's conclusion that the Franchise Agreement and the Loan Agreement were separate contracts. And the record clearly supports the district court's conclusion that Choice Cash did not dispute DZ Bank's chain of title but instead repeatedly and expressly acknowledged DZ Bank's ownership of the loan. Finally, rather than presenting an intervening change in controlling law, *see Sch. Dist. No. 1J*, 5 F.3d at 1263, Choice Cash points to unpublished, distinguishable, and out-of-circuit case law. *See DZ Bank AG Deutsche Zentral Genossenschaftsbank v. McCranie*, 513 F. App'x 911 (11th Cir. 2013) (involving borrower who continually disputed bank's loan ownership, and presented evidence that a different bank owned the loan); *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 WL 3349153 at *15–17, *20 (D. Kan. Aug. 3, 2011) (holding that borrower—who at no point conceded bank's ownership—owed no payments to the bank because it did not own the loan), *rev'd in part and remanded*, 535 F. App'x 653, 662 (10th

3

Cir. 2013) (reversing in part the relevant ruling and holding that bank was a third-party beneficiary). The district court therefore committed no abuse of discretion by denying Choice Cash's motion for reconsideration.

**AFFIRMED.**

4