**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 15 2016



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOUGLAS BRIAN MCSHANE,

Petitioner - Appellant,

v.

MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation,

Respondent - Appellee.

No. 14-56254

D.C. No. 5:09-cv-01243-GW-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 8, 2015
Pasadena, California

Before: GOULD and BERZON, Circuit Judges and STEEH,[**] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable George Caram Steeh III, Senior District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

Douglas McShane appeals the district court's denial of his petition for habeas corpus. We reverse the district court and remand with instructions to grant the petition.

1. While McShane's briefing does not extensively address the certified issue, prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Government has fully briefed it. This Court has "discretion to review an issue not raised by [an] appellant . . . when it is raised in the appellee's brief." *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (citation and quotation mark omitted). We exercise such discretion here.

2. The California trial court's decision was "based on an unreasonable determination of the facts" under 28 U.S.C. § 2254(d)(2). A state court's fact-finding process is fatally undermined when the court "has before it, yet apparently ignores, evidence that is highly probative and central to petitioner's claim." *Milke v. Ryan*, 711 F.3d 998, 1008 (9th Cir. 2013) (internal quotation marks omitted). Here, McShane's state habeas petition presented the court with fourteen exhibits, including reports by defense investigators, a sheriff's department report, a letter between McShane's trial counsel and a psychologist, a court order, and numerous medical records. This evidence was central to McShane's claim, which was based on his trial counsel's failure to present evidence of his mental health history; it was

also highly probative of that claim, as it contained several records documenting mental illness that, if proven, would have supported his trial counsel's strategy.

The state court ignored it all, dismissing the attached evidence *en masse* as "hearsay" and insufficiently authenticated, determinations not pertinent to the ineffective assistance issue raised. The question before the state habeas court was whether the evidence would have prompted a reasonable attorney to develop and present at trial admissible medical evidence of McShane's history of mental illness, not whether the evidence attached to the habeas petition was admissible at trial. *See, e.g.*, *Bean v. Calderon*, 163 F.3d 1073, 1082 (9th Cir. 1998). The attached evidence, which had numerous indicia of authenticity and reliability, was probative for that purpose. The state court's total rejection of all the evidence "fatally undermine[d]" its assessment of McShane's ineffective assistance claim, rendering its decision unreasonable under § 2254(d)(2). *See Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004). AEDPA's deferential standard is therefore not applicable. *Milke*, 711 F.3d at 1008.

3. Another way to view the trial court's error is as an unreasonable application of *Strickland*. The trial court did not appreciate the investigative aspect of adequate representation, as to which the pertinent question is whether the available information would have led to further inquiry by a reasonably competent

3

attorney.  *See Miller-El v. Cockrell*, 537 U.S. 322, 346 (2003) (noting that the state court "had before it, and apparently ignored," testimony relevant to the correct inquiry).  Viewed that way, the trial court's ineffective assistance ruling was an unreasonable application of clearly established Supreme Court law, and AEDPA deference is inapplicable for that reason as well.  28 U.S.C. § 2254(d)(1).

4.  Because the Government does not challenge the district court's determination that McShane's counsel performed deficiently under *Strickland*, McShane need only demonstrate that he was prejudiced by that deficient performance.  He has done so.

McShane has shown "that it is reasonably probable that the outcome of his trial would have been different" had counsel not performed deficiently.  *Woods v. Sinclair*, 764 F.3d 1109, 1133 (9th Cir. 2014).  The evidence at his trial overwhelmingly indicated that he had shot the victim: there were multiple witnesses; McShane himself admitted to shooting the victim during his 9-1-1 call; he said as much to the police when they arrived; and he does not appear ever to have subsequently denied it.  Against this factual backdrop, his trial counsel reasonably sought not to acquit McShane entirely, but to portray him as guilty only of either voluntary or involuntary manslaughter.

To succeed on such a strategy, McShane's counsel had to persuade the jury either that McShane's actions were based on "an actual but unreasonable belief [of] the need for self-defense," *People v. Stitely*, 35 Cal. 4th 514, 551 (2005), or that "because of [McShane's] mental illness . . . he did not in fact form the intent unlawfully to kill." *People v. Rogers*, 39 Cal. 4th 826, 884 (2006) (quotation marks and emphasis removed). These theories align with McShane's own statements — that he "forgot that the gun was dangerous;" that he shot the gun "on impulse or panic" because he had seen his son in the field when he arrived; that he was "scared out of [his] right mind" that whoever had stolen his car would harm his son.

McShane's counsel provided no evidence at trial of McShane's history of mental illness. Yet, McShane's medical records included a history of hallucinations and noted that McShane had "confusion in separating reality from fantasy," manic episodes, impaired judgment, and poor impulse control. McShane's mental illness was documented by multiple health care providers over a several-year period. Given that documentation, it is likely that expert evidence could have been presented recounting McShane's mental health background.

Moreover, the district court was incorrect that "there was no evidence in the record tying [McShane's] disorder to [his] mental state at the time of the killing."

5

Dr. Arden, the psychologist McShane's counsel hired, explicitly found McShane's statement that he did not intend to hurt the victim "consistent with [the] delusional state" he presented in medical examinations.

In the absence of any objective, expert evidence or other information about McShane's mental health history, it was extremely unlikely that any jury would have found McShane guilty of manslaughter rather than murder. Without the context of McShane's history of delusions, his statement that he "forgot that the gun was dangerous" was sure to strike the jury as highly implausible, if not ludicrous. With that context, however, it is at least "reasonably likely the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (internal citation and quotation marks omitted).

5. Even if we were to apply AEDPA's deferential standard directly to the ineffective assistance of counsel issue, we would reach the same conclusion. It does not appear that the state trial court reached the *Strickland* prejudice prong at all. *See Frantz v. Hazey*, 533 F.3d 724, 734 (9th Cir. 2008) (noting that review under §2254(d) examines the state court's reasoning, not just the outcome of its decision). But even assuming it did, given the mental health nature of the only defense and McShane's documented history of pertinent mental illness, "it was objectively unreasonable for the state court to conclude that [McShane's] counsel's

6

deficient performance did not affect, or otherwise undermine confidence in, the outcome of his trial." *Woods*, 764 F.3d at 1133. The state court's decision was therefore "an unreasonable application of[] clearly established Federal law" under 28 U.S.C. § 2254(d)(1).

We remand to the district court with instructions to grant McShane's habeas petition.[1]

**REVERSED AND REMANDED.**

---

[1]Because we hold that the state court's decision can be viewed as both an unreasonable application of *Strickland* under § 2254(d)(1) and an unreasonable determination of the facts under § 2254(d)(2), we need not decide whether to grant a certificate of appealability on the uncertified question McShane briefed — whether his habeas petition should be granted because the state habeas court failed to provide him an evidentiary hearing. *See* 9th Cir. R. 22-1(e).