**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30396 |
| Plaintiff-Appellee, | D.C. No. 4:13-cr-00027-BMM-1 |
| v. | |
| LELAND NEIL LAPIER, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted March 8, 2017[**]
Portland, Oregon

Before:  O'SCANNLAIN, FISHER, and FRIEDLAND, Circuit Judges.

Leland Lapier Jr. appeals his felony conviction for possession with intent to

distribute methamphetamine. Lapier argues that, during resentencing, the district

court: (1) incorrectly calculated the applicable sentencing guideline range by

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relying on insufficient evidence and (2) failed to rule on Lapier's requested two-point minor participant role reduction under U.S.S.G. 3B1.2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's sentencing decision. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Lapier argues that the district court incorrectly determined the total drug weight attributable to him. He alleges that the district court failed to apply the *Culps* factors, which require that: (1) the quantity be proved by a preponderance of the evidence, (2) the evidence relied on to determine the quantity has sufficient indicia of reliability, and (3) the court err on the side of caution. *United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir. 2002). On appeal, the district court's approximation of drug quantity is reviewed for clear error. *United States v. Gadson*, 763 F.3d 1189, 1219 (9th Cir. 2014).

The district court did not err in finding Lapier responsible for 499 grams of a mixture containing methamphetamine. Testimony of coconspirators at trial, given under oath and subject to cross-examination, contains sufficient indicia of reliability to determine approximate drug weight. *United States v. Flores*, 725 F.3d 1028, 1038 (9th Cir. 2013). The district court arrived at the approximate drug

quantity by utilizing the testimony of Louis Kanyid and Robert Boucher, Lapier's coconspirators in the original conspiracy charge. Kanyid testified to selling 3 to 3.5 pounds of methamphetamine to Lapier, while Boucher testified to selling 6 to 8 ounces of methamphetamine to Lapier. The district court erred on the side of caution by (1) relying on the lowest calculation from this testimonial evidence, (2) attributing 1013 grams of methamphetamine to Lapier's personal use, and (3) adopting a quantity just below the drug quantity table's next highest breakpoint of 500 grams. Thus, there is no indication in the record that the district court failed to meet the *Culps* criteria, and the district court's calculation of approximate drug weight was not clearly erroneous.

## II

Lapier further contends that the district court failed to rule on his request for a two-point minor role reduction pursuant to U.S.S.G. § 3B1.2. However, the district court expressly denied the request, stating that Lapier "was, at the very least, a participant without any modifier in front of it." Lapier acknowledges this oversight in his reply brief. Nevertheless, he asks this court to rule that the district court clearly erred in denying the request.

Although Lapier did not make that argument in his opening brief, the government discussed this issue, and thus we have discretion to consider it. *See*

3

*United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992). A minor participant role reduction requires the defendant to be "substantially less culpable than the average participant." *United States v. Herrera-Rivera*, 832 F.3d 1166, 1174 (9th Cir. 2016) (internal quotation marks and citation omitted). This court reviews the district court's determination of a defendant's role in an offense for clear error. *Gadson*, 763 F.3d at 1219. Lapier's counsel admitted that Lapier sold methamphetamine to at least four individuals. Evidence at trial alluded to Lapier selling $6,000 worth of methamphetamine in one day. The district court's denial of Lapier's requested two-point minor role reduction therefore was not clearly erroneous.

**AFFIRMED.**