**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MEI YUEN HUANG, AKA Mei Yun
Huang,

  Petitioner,

v.

WILLIAM P. BARR, Attorney General,

  Respondent.

No.  13-74143

Agency No. A078-962-170

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2019
Pasadena, California

Before:  KLEINFELD, GILMAN,[**] and NGUYEN, Circuit Judges.

We have jurisdiction under 8 U.S.C. § 1252.  We grant the petition for

review and remand.

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

During the immigration hearing, Mei Yuen Huang, the petitioner, initially testified that her mother-in-law had given Huang's name to local authorities three days after being released from police custody. After the immigration judge explained that her testimony conflicted with the public notice, Huang expressed confusion and stated that she may have mixed up the dates. Huang later testified that her mother-in-law first disclosed Huang's name on July 6, 2009, consistent with the public notice and other submitted evidence.

The Board of Immigration Appeals (the "Board") affirmed the immigration judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture. The denial was based almost entirely on an adverse credibility finding regarding Huang's testimony about the events experienced by the mother-in-law. The Board explained that the "chronology of events is central to [Huang's] asylum claim and should have been consistently presented." The Board also held that Huang failed to establish a well-founded fear of persecution "[f]or the reasons discussed by the [i]mmigration [j]udge." As a result, Huang could not meet the "higher standard of proof" for withholding of removal. The Board also summarily affirmed the denial of Convention relief because the "totality of the circumstances d[id] not establish that the respondent would 'more likely that not' be tortured . . . upon removal to China." Because of the adverse credibility determination, the

Board did not reach whether the alleged events in China supported any of the potential grounds for relief.[1]

Denials of asylum, withholding of removal, and Convention relief are reviewed for substantial evidence and will be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Yali Wang v. Sessions, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted). "[F]actual findings, including adverse credibility determinations, [are reviewed] for substantial evidence" and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Id. (citation omitted).

Where, as here, the Board reviewed the immigration judge's credibility-based decision for clear error and "relie[d] upon the [immigration judge's] opinion as a statement of reasons," the immigration judge's oral decision may serve as a "guide to what lay behind the [Board's] conclusion." Tekle v. Mukasey, 533 F.3d 1044, 1051 (9th Cir. 2008); see also Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010) (holding that an immigration judge's oral decision may be reviewed

_____

[1] Although Huang should have addressed her request for Convention relief specifically and distinctly from her asylum and withholding of removal arguments, we may consider the issue. See United States v. Ullah, 976 F.2d 509, 514 (9th Cir. 1992) ("[W]e may review an issue if the failure to raise the issue properly did not prejudice the defense of the opposing party."). As the government concedes, the Board's and the immigration judge's denials of Convention relief were largely reliant on the adverse credibility determination.

3

where the Board's analysis, despite "independent review of the record," is "confined to a 'simple statement of a conclusion'" (quoting Avetova-Elisseva v. INS, 213 F.3d 1192, 1197 (9th Cir. 2000))). But review is limited to "the reasons explicitly identified by the B[oard], and then [an] examin[ation] [of] the reasoning articulated in the [immigration judge's] oral decision in support of those reasons." Tekle, 533 F.3d at 1051.

Substantial evidence does not support the Board's adverse credibility finding. Huang's change in testimony regarding the "chronology of events" amounted to a "minor discrepanc[y] in dates" that we have "repeatedly" held insufficient to support an adverse credibility determination. See, e.g., Ren v. Holder, 648 F.3d 1079, 1084 (9th Cir. 2011). Although the REAL ID Act eliminates the old "go to the heart of the claim" rule, the law remains that inconsistencies must have some bearing on the petitioner's veracity, such that the adverse credibility determination is reasonable. Id. Here, the inconsistency is entirely about the exact dates of events experienced by Huang's mother-in-law years earlier, not Huang, as told to Huang by her mother-in-law. Because this inconsistency is the product of two levels of potentially faulty memory, it is even less probative than that in Ren, amounting to no more than a "trivial

4

inconsistenc[y]" that has no bearing on the petitioner's veracity under the totality of the circumstances.  See id. at 1085–86.

The petition for review is granted and Huang's applications for relief are all remanded for such further consideration as is appropriate.  See INS v. Ventura, 537 U.S. 12, 16–18 (2002); Soto-Olarte v. Holder, 555 F.3d 1089, 1096 (9th Cir. 2009).