**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK S. CAMMARATA, DBA Cammarata Associates, as successor to MHP II Corporation, | No. 18-56320 |
| | D.C. No. 3:17-cv-00346-BEN-AGS |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM* |
| KELLY CAPITAL, LLC; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted February 13, 2020
Pasadena, California

Before: BERZON, NELSON, and LEE, Circuit Judges.

Frank Cammarata appeals from the district court's order granting summary

judgment for Kelly Capital, LLC based on its statute of limitations defense. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

grant of summary judgment. *See Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). We affirm.

1.    Cammarata sued Kelly for its alleged failure to pay him a commission for helping broker the sale of tobacco escrow releases in 2010. His fraud claims are subject to a three-year statute of limitations. *See Kline v. Turner*, 105 Cal. Rptr. 2d 699, 702 (Ct. App. 2001). His contract-based claims based on the Commission Agreement and the First Amendment to the Commission Agreement, including his claims for declaratory relief, have a four-year statute of limitations period. *See* Cal. Civ. Proc. Code § 337; *Mangini v. Aerojet-Gen. Corp.*, 281 Cal. Rptr. 827, 846 (Ct. App. 1991) (citing *Maguire v. Hibernia Sav. & Loan Soc.*, 146 P.2d 673, 680 (Cal. 1944)). Finally, his quantum meruit claim had to be filed within two years. *See Maglica v. Maglica*, 78 Cal. Rptr. 2d 101, 106 (Ct. App. 1998) (citing Cal. Civ. Proc. Code § 339).

Cammarata did not sue until February 2017, after all applicable statute of limitations periods had expired. Because Cammarata did not file his lawsuit within the applicable statute of limitations, he invokes the discovery rule to excuse his delay. "Although a cause of action generally accrues . . . when it is complete with all of its elements, accrual is postponed until a plaintiff discovers, or has reason to discover, the cause of action." *Cansino v. Bank of Am.*, 169 Cal. Rptr. 3d 619, 628 (Ct. App. 2014) (internal quotation marks and citation omitted). A plaintiff

2

discovers the cause of action "not when the plaintiff became aware of the specific wrong alleged, but when the plaintiff suspected or should have suspected that an injury was caused by wrongdoing." *Kline*, 105 Cal. Rptr. 2d at 702.

2.      For his fraud-based claims, Cammarata failed to show that he could not have discovered the alleged fraud within three years.  Cammarata declared his understanding was that Kelly would pay him "fairly quickly"—within approximately 90 days—for the second tranche of tobacco escrow releases. Cammarata does not allege he took any actions to investigate after not being timely paid.  Even assuming the Eastern District of Virginia double-taxation case could have excused some of Cammarata's delay, the Eastern District of Virginia issued its factual findings in October 2012, and the Fourth Circuit decided the appeal in July 2013.  So the three-year statute of limitations ran out in October 2015 (or July 2016 at the very latest). As Cammarata did not file his lawsuit until February 2017, his fraud claims are time-barred.

At oral argument, Cammarata argued that he had earlier filed a separate New Jersey lawsuit that, he suggested, tolled the statute of limitations.  Whether or not a timely second suit would toll the limitations period, the New Jersey complaint was filed 18 days late.  Cammarata did not provide a justification for this 18-day delay, and in any event, he did not present this argument in his brief, so it is waived. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992).

3

3. For Cammarata's contract-based claims, the only reasonable inferences are that any breach occurred on July 15, 2010 (when the escrow releases were transferred between related entities, and thus when Cammarata should have been paid his commission under his interpretation of the First Amendment) or October 14, 2010 (90 days after that transfer, the period in which Kelly indicated that it would be able to pay the commission). The statute of limitation thus ran some time in 2014.

At oral argument, Cammarata's counsel offered another possibility: that Kelly may have sold the second tranche in 2012. Even so, his claims would still be time-barred, because he did not file his lawsuit until 2017. Likewise, his quantum meruit claim, which has a two-year statute of limitation period, is time-barred.[1]

4. Finally, the district court did not abuse its discretion in denying the joint motion to continue the summary judgment hearing. Cammarata's claims are time-barred, so he cannot show that "allowing additional discovery would have precluded summary judgment." *See Bank of Am., NT & SA v. PENGWIN*, 175 F.3d 1109, 1118 (9th Cir. 1999).

---

[1] At oral argument, Cammarata argued in the alternative that a breach of contract has not yet occurred. Kelly appeared to agree, taking the position that it is not obligated to pay any commission because a transfer or sale of the second tranche of escrow releases has not occurred yet. If that is indeed the case, the statute of limitations for a breach of contract claim has not begun to run yet, and this litigation will be no bar to Cammarata's filing a future breach of contract suit.

The district court also did not abuse its discretion in declining to rule on Cammarata's evidentiary objections. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). The district court did not base its summary judgment decision on any of the contested evidence, but instead relied on Cammarata's version of the facts in his complaint. Under Cammarata's version of the facts, any injury occurred in 2010 or 2012, and his claims are thus time-barred.

**AFFIRMED**.