**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 8 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUSTAVO PEREZ-REYES, AKA Gustavo Perez,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   20-72333<br><br>Agency No. A071-602-533<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022**
Pasadena, California

Before:  WARDLAW and BENNETT, Circuit Judges, and KATZMANN,***
Judge.

Gustavo Perez-Reyes, a native and citizen of Mexico, challenges the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ's") denial of his claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and dismiss the petition in part and deny it in part.

We lack jurisdiction to consider Perez-Reyes's eligibility for asylum or cancellation of removal. *See Szonyi v. Whitaker*, 915 F.3d 1228, 1233 (9th Cir. 2019) ("A petitioner's failure to raise an argument before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue."). The IJ pretermitted and denied the asylum application because Perez-Reyes conceded his application was untimely. He failed to argue that changed circumstances affected his eligibility for asylum or that extraordinary circumstances caused the delay in applying within one year of his arrival. The BIA affirmed. Because Perez-Reyes conceded that his asylum application was untimely and did not argue an exception to the one-year rule to the IJ or BIA, he has failed to exhaust his claim that changed circumstances apply to his case.

Similarly, Perez-Reyes conceded before the IJ that his conviction under Cal. Penal Code § 273.5 rendered him ineligible for cancellation of removal. He did not challenge the IJ's decision to pretermit his cancellation application on these grounds in his appeal to the BIA. Therefore, his claim that the domestic violence

bar under 8 U.S.C. § 1229b(b)(1)(C) does not apply is unexhausted. We dismiss his petition as related to asylum and cancellation of removal.

Perez-Reyes waived his argument that the IJ abused her discretion in denying his request for a continuance because he did "not specifically and distinctly argue[] [the issue] in [his] opening brief." *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (quoting *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992)).

Perez-Reyes's remaining claims for withholding of removal and CAT protection are foreclosed by the IJ's adverse credibility finding, which we review for substantial evidence, taking the totality of the circumstances into account. *See Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). We also review for substantial evidence the agency's factual findings, which we must uphold unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An adverse credibility finding is proper if it is based on "any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a 'bearing on a petitioner's veracity.'" *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010)); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) ("[A] trier of fact may base a credibility determination on . . . any inaccuracies or falsehoods in [the applicant's] statements,

without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . .").

The agency found Perez-Reyes's testimony not credible because of inconsistencies, among other reasons, and rejected his explanations for the inconsistencies. Perez-Reyes testified in January 2014 that he did not have any "fear whatsoever of returning to Mexico," then upon further questioning said he feared "just criminals." Only later in 2018 did he testify that he was beaten, detained, and robbed by police officers. When asked about these incidents on cross-examination, he could not remember the number of times the police beat him. He did not mention this abuse by government officials in his application or declaration, though he did include the violence his brother faced.

Perez-Reyes's testimony also conflicted with documentary evidence. The police reports filed by his brother show that his brother was robbed while boarding a bus in 2004 and robbed by a male suspect on the sidewalk in 2006, not kidnapped, beaten, and robbed by the police twice in 2016 as Perez-Reyes had testified.

For these reasons, Perez-Reyes cannot point to any evidence compelling the conclusion that his testimony was sufficiently credible, persuasive, or specific to sustain his burden of proof for withholding of removal or CAT protection. 8 U.S.C. § 1158(b)(1)(B)(ii).

**PETITION DISMISSED IN PART AND DENIED IN PART.**